■ In the Matter of ANTHONY GIOVANELLI, Petitioner, v NEW YORK STATE RACING AND WAGERING BOARD, DIVISION OF HARNESS RACING, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of respondent which suspended petitioner's harness racing license in New York for 30 days.

Petitioner, a harness racing driver, challenges respondent's imposition of a 30-day suspension for his alleged violation of 9 NYCRR 4117.4 (p), which provides that a driver shall not drive with indifference or lack of effort. The charge arose when, on January 1, 1991 while petitioner was driving Pacers Dream, the presiding judge officiating at the race believed that petitioner did not drive the horse in his usual aggressive style and, in particular, in the same manner as he did on December 22, 1990, a race in which Pacers Dream won. Although we recognize that horse racing is a "specialized sport" in which conduct apparent to an expert may not be as apparent to a layperson *(see, Matter of LaChance v Corbisiero,* 147 AD2d 80, 85, *lv denied* 74 NY2d 611), the testimony here, including the videotapes of the two races, fails to provide the substantial evidence necessary to support respondent's conclusion. The evidence instead indicates that the results of this race were due more to the horse's peculiarities rather than to petitioner's efforts around the first turn.

The allegations stem only from the manner in which petitioner took the first turn and, in particular, the presiding judge's belief that petitioner failed to "go to the top" or "take a hole" in approaching that turn as he had done in the prior race with Pacers Dream. The videotape of the January 1, 1991 race shows, however, that Pacers Dream had no opportunity, as he did in the prior race, to go into the lead and there were no "holes" in which the horse could go. In addition, the trainer testified that Pacers Dream is a rough-gaited horse that tends to ride or lock on the left line, causing him to go to the right on the first turn and making it more difficult to get into a hole. Further testimony indicated that Pacers Dream is a difficult horse to handle, he has to be held steady in the first turn or he will jump, and he will break if he is whipped prior to getting around that turn. Pacers Dream also had a history of breaking in the turns. Finally, the presiding judge even agreed that there can be a change in racing performance from week to week for the cheaper horses like Pacers Dream. As neither the record nor the videotapes yield "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180), the suspension is not warranted *(see, Matter of Daigneault v Corbisiero,* 153 AD2d 176) and the determination must be annulled.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Harvey, JJ., concur. Adjudged that the determination is annulled, without costs, and petition granted.